## Joseph Falvai, Appellee, v. Calumet & South Chicago Railway Company, Appellant.

### Gen. No. 17,869.

1. APPEALS AND ERRORS—*questions of fact.* The Appellate Court will not set aside a verdict in an action for personal injuries not manifestly against the evidence as to defendant's negligence and plaintiff's contributory negligence, though the court might have found differently as to plaintiff's contributory negligence.

2. EVIDENCE—*testimony in rebuttal.* It is not error for the court in its discretion to permit plaintiff to testify in rebuttal, in an action for personal injuries, concerning a matter not covered in his original examination but covered by some of his witnesses.

3. APPEALS AND ERRORS—*harmless error.* Repetition by witnesses of testimony given in chief by them when called in rebuttal should not be permitted, but may not call for reversal.

4. MASTER AND SERVANT—*instructions.* Where in an action for personal injuries the evidence tends to support the theory of plaintiff, who helped in handling a ladle containing molten metal used in soldering street railway rails and in pouring the metal remaining into sand piles, that snow which lodged upon such piles was partly scraped off and fresh sand spread thereon and that the metal when

poured into a certain pile, as negligently ordered by defendant's foreman, came into contact with the snow and exploded, injuring plaintiff, it is not error to give an instruction which defines the foreman as a superior servant for whose negligence defendant is liable.

5. MASTER AND SERVANT—*when knowledge of unsafe condition by foreman presumed.* If snow lodges on a sand pile into which molten metal used in soldering street railway rails is poured, and is partly scraped off and fresh sand placed thereon so thinly that the metal will come in contact with the snow, knowledge thereof by the foreman in charge of the work is presumed.

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913. *Certiorari* denied by Supreme Court (making opinion final).

SHOPE, ZANE, BUSBY & WEBER, for appellant.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff, appellee, had judgment in the Superior Court against appellant, hereinafter called defendant, for $11,000 for personal injuries, from which judgment this appeal is prosecuted.

The defendant was the owner and operating a line of street railway upon Torrence avenue in the City of Chicago, and on January 25, 1910, was engaged in the rehabilitation of the railway tracks across and near 109th and 110th streets, by placing new rails along its tracks and soldering the joints where the ends of the rails came together. In the prosecution of that work, the defendant used molten metal which was carried along the tracks by means of a cupola car, so-called, and taken from the car at each of the joints by a ladle. The ladle was carried by certain servants of the defendant, and the molten metal poured into the joints. The portions of the molten metal remaining in the ladle after each joint had been soldered, were poured into or upon piles of sand which were placed near each

one of the joints. The plaintiff was in the employ of the defendant, engaged in assisting in carrying the ladle from joint to joint, and in pouring the metal that remained after soldering the joints into the piles of sand.

The condition of the weather was such that there was considerable snow, ice and moisture in the street along Torrence avenue. On the day in question, the plaintiff was one of four men who carried the ladle of molten metal and poured it into the joints under the direction of defendant's foreman. After pouring a joint, plaintiff, with the other men, carried what remained of the molten metal in the ladle to a sand pile and poured it either into the middle of the pile, or in such a manner that it ran over the outside of the sand pile and came in contact with the snow and ice on the street, and an explosion was thereby caused as a result of which particles of the metal came in contact with the plaintiff's eyes and person, totally destroying the sight of his eyes.

The principal questions of fact in controversy in the evidence are: (1) whether the sand in the sand pile was dry, or whether it contained ice and snow; (2) was the sand sufficiently deep at the bottom of the sand pile so as to make it safe to pour the molten metal into the pile if it was poured properly; and (3) was the hot metal poured into the sand pile with due care, or was it carelessly poured over the side of the pile of sand in such a manner that it ran upon the sides thereof and came in contact with the frozen ground, snow and ice at the side of the pile whereby the explosion took place?

The evidence shows that there was a foreman in charge of the work for the defendant; and there is evidence tending to show that the foreman ordered the men to pour the molten metal remaining in the ladle into a certain pile of sand, and that in obedience to the order of the foreman, they did so pour the metal and the explosion in question occurred.

Upon the questions of fact involved in the case, the

128    APPELLATE COURTS OF ILLINOIS.

Falvai v. Calumet & South Chicago Ry. Co., 177 Ill. App. 125.

evidence is conflicting and irreconcilable, and we are unable, upon an examination of the record, to say that the clear preponderance of the evidence is against the verdict and judgment of the court below,—either upon the question of the negligence of the defendant, or upon the question of the contributory negligence of the plaintiff. Being unable to come to the conclusion that the manifest weight of the evidence is against the verdict and judgment of the court below, we are not at liberty under the law to set aside the judgment and verdict even though we may think that upon the question of the plaintiff's contributory negligence we might have found differently from the jury if we were sitting as jurors.

It is contended by the defendant that the court erred in permitting plaintiff to testify in rebuttal as to how long the sand piles had been upon the street prior to the accident. Evidence upon that point had been offered by two of plaintiff's witnesses, but the plaintiff himself did not testify in his original examination upon that point. The testimony of the plaintiff was somewhat contradictory, and, therefore, unsatisfactory. The court, in its discretion, permitted the plaintiff to be recalled in rebuttal. We do not think the court committed error in permitting the evidence of the plaintiff in rebuttal. It was within the discretion of the court. Two other witnesses were called in rebuttal, who gave some testimony as to how long the sand piles had been on the street, and it is urged that this evidence was a repetition of their evidence given while they were testifying in chief when the original case of the plaintiff was being put in. The court should not have permitted the repetition of testimony given in chief, in rebuttal, but we do not think the effect of it was such as to call for reversal of the judgment.

The defendant further urges that in admitting evidence as to how long the sand piles had been in the street, the court committed error for the reason that

under the declaration no claim was made connecting any such condition of the sand piles with the particular sand pile at which the explosion was shown to have happened. We think the point is not well taken under the averments of the declaration.

The defendant urges that the instruction given at the instance of the plaintiff, defining the foreman to be a superior servant for whose negligence the defendant was liable, was improperly given, for the reason that the sole negligence claimed was an unsafe condition of the sand pile, and if the sand pile was not unsafe the order to pour into it, alleged to have been given by the foreman, could not be negligent; and if the sand pile was as a matter of fact unsafe, the order to pour into the sand pile, whether negligent or not, was immaterial. The instruction given was approved in Casey v. Kelly-Atkinson Const. Co., 240 Ill. 416. The evidence on behalf of the plaintiff tended to show, and that was a part of the theory of the plaintiff's case, that the sand pile had been upon the street some time prior to the accident, and that, in the meantime, there had been snowstorms and that snow had lodged upon the sand piles; and that prior to the accident some of the snow had been scraped off and fresh sand had been spread over the snow on the sand piles, but so thinly spread over that the molten iron when poured upon the sand pile came in contact with the snow, ice and moisture in the sand pile. If this was the condition of the sand pile the foreman would be presumed to know it. There was further evidence that the defendant's foreman ordered the plaintiff and those handling the ladle with him to pour the molten metal in the ladle upon this sand pile so prepared, and if so it would follow that the order was a negligent order. Upon this theory of the evidence in the case we think the instruction complained of was applicable. In our opinion the court did not err in giving the instruction.

The judgment is affirmed.

*Affirmed.*